UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
UNITED STATES OF AMERICA,

              Plaintiff,

                                              MEMORANDUM & ORDER
                                              09-CR-0305 (JS)
        -against-

ROCCO OPPEDISANO,

              Defendant.
----------------------------------X
APPEARANCES:
For United States:  Sean Flynn, Esq.
                    United States Attorney's Office
                    Eastern District of New York
                    271 Cadman Plaza East, 7th Floor
                    Brooklyn, NY 11201

For Defendant:     Benedict S. Gullo, Jr., Esq.
                    114 Old Country Road, Suite 212
                    Mineola, NY 11501

SEYBERT, District Judge:

       Defendant Rocco Oppedisano (the "Defendant") is charged with cocaine possession in violation of Section 844 of Title 21 of the United States Code and with possessing ammunition as a convicted felon in violation of Section 922(g)(1) of Title 18 of the United States Code ("Section 922(g)(1)"). Pending before the Court are the Government's motions in limine to exclude certain testimony and argument that the Government contends invites jury nullification by demonstrating that (1) the Defendant did not know his possession of ammunition as a convicted felon was a crime; (2) the

Defendant did not own or possess a firearm; (3) the Defendant is a "nonviolent" felon whose underlying conviction was a "regulatory" offense; and (4) the Defendant did not "own" or purchase the ammunition. In addition, the Government moves in its Reply brief (5) to preclude the Defendant from offering hearsay statements the Defendant made to a postal inspector after his arrest.

On November 30, 2010, the Court granted in part and denied in part the Government's motions for the reasons stated on the record. Below, the Court addresses in greater depth the reasons it rejects Defendant's argument that he should be permitted to introduce otherwise irrelevant evidence to argue that the felon-in-possession law is unconstitutional as applied to him in light of the Supreme Court's decision in Heller v. District of Columbia, __ U.S. __, 128 S. Ct. 2783, 171 L. Ed. 2d 637 (2008).

## BACKGROUND

Defendant argues that, after Heller, he should be able to introduce evidence and argument that Section 922(g)(1) is unconstitutional as applied to him, a non-violent felon with no history of misusing weapons, whose ammunition was found in his home and without an accompanying firearm. (Def. Opp. at 5.) Defendant's underlying felonies are a 1993 conviction for attempted first degree reckless endangerment, (Def. Omnibus Br.

Ex. E at 6), and a 1994 conviction for recidivist driving-while-intoxicated.[1]  (Id. at 8.)  The Court previously rejected the idea that Heller renders Section 922(g)(1) unconstitutional when Defendant moved to dismiss the indictment.  (See December 21, 2009 Hrg. Tr. at 3.)  Notwithstanding the Court's earlier ruling, the Defendant argues now that he must be permitted to develop evidence to preserve his as-applied constitutional challenge for appeal.  (Def. Opp. at 5.)

DISCUSSION

Section 922(g)(1) is neither unconstitutional on its face nor as applied to Defendant and his challenge to the law is preserved without the need to introduce irrelevant and confusing evidence at trial.

I. Heller Did Not Render Section 922(g)(1) Unconstitutional

Heller did not render Section 922(g)(1) unconstitutional on its face.  In well-known dicta, the Supreme Court explained that certain regulatory measures are "presumptively lawful," Heller, 128 S. Ct. at 2817 n. 26, and that its decision did not affect felon-in-possession statutes: "[N]othing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons. . . ." id. at 2816-17.  This assurance was recently

---

[1] Citations to the Defendant's "Omnibus Br." refer to the Defendant's omnibus pre-trial motion, which included a motion to dismiss the indictment as unconstitutional after Heller.

3

repeated in McDonald v. City of Chicago. __ U.S. __, 130 S. Ct. 3020, 3047, 177 L. Ed. 2d 894 (2010) (plurality opinion). Since Heller, the Second Circuit held that Section 922(g)(1) is not unconstitutional, see United States v. Stuckey, 317 F. App'x 48, 50 (2d Cir. 2009), a decision that is in accord with those by Circuits around the nation. See United States v. Khami, 362 F. App'x 501, 507 (6th Cir. 2010); United States v. Anderson, 559 F.3d 348, 351 (5th Cir. 2009); United States v. Battle, 347 F. App'x 478, 479-80 (11th Cir. 2009); United States v. McCane, 573 F.3d 1037, 1047 (10th Cir. 2009); United States v. Smith, 329 F. App'x 109, 110 (9th Cir. 2009); United States v. Brunson, 292 F. App'x 259, 261 (4th Cir. 2008); United States v. Irish, 285 F. App'x 326, 327 (8th Cir. 2008).

II. Section 922(g)(1) Is Constitutional As Applied To Defendant

The Court rejects Defendant's challenge to Section 922(g)(1) as it applies to him, and Defendant will not be permitted to introduce argument or otherwise irrelevant evidence to advance this strategy at trial. Even if the Second Amendment limits Congress' power to restrict a felon's right to possess weapons--and Heller suggests that it does not--Section 922(g)(1) is not unconstitutional as applied to a felon convicted of attempted reckless endangerment and recidivist driving-while-intoxicated.

As a threshold issue, the Court, as it did in

4

addressing Defendant's omnibus motion, uses intermediate scrutiny to analyze Section 922(g)(1). The Court recognizes that courts disagree whether intermediate or strict scrutiny applies in Heller's and McDonald's wake, and it joins with those courts holding that strict scrutiny is incompatible with Heller's dicta concerning presumptively constitutional gun prohibitions. See Heller v. District of Columbia [Heller II], 698 F. Supp. 2d 179, 187-88 (D.D.C. 2010) (noting that the majority of courts apply intermediate scrutiny to gun dispossession laws).[2]

Viewed under intermediate scrutiny, a statute must be substantially related to the advancement of an important government interest. See Ramos v. Town of Vernon, 353 F.3d 171, 180 (2d Cir. 2003). There can be little doubt that an important government interest is at stake. Section 922(g)(1) was enacted to "keep guns out of the hands of those who have demonstrated that they may not be trusted to possess a firearm without becoming a threat to society." United States v. Small, 544 U.S. 385, 393, 125 S. Ct. 1752, 1757 (2005) (quotations omitted); Burrell v. United States, 384 F.3d 22, 27 (2d Cir. 2004) (Section 922(g)(1) "was one of several measures enacted by

---

[2] Neither Heller nor McDonald specifies whether intermediate or strict scrutiny applies to gun dispossession laws, and it is possible that an entirely new test will develop. Until then, this Court is bound to apply existing analytical frameworks.

5

Congress to prohibit [ ] categories of presumptively dangerous persons from possessing firearms") (quotations omitted).

Taking as true the facts Defendant cites in support of his argument, Section 922(g)(1) is, as applied to him, substantially related to the important goal of promoting public safety. Defendant was proven to have put others at risk through reckless conduct and poor judgment. In 1993, he pled guilty to attempted first degree reckless endangerment, an E felony. (Def. Omnibus Br. Ex. E at 6.) In New York, first degree reckless endangerment occurs "when, under circumstances evincing a depraved indifference to human life, [a defendant] recklessly engages in conduct which creates a grave risk of death to another person." N.Y. PENAL L. § 120.25. In 1994, Defendant pled guilty to driving-while-intoxicated. N.Y. VEH & TRAFFIC L. § 1192. This conviction is also an E felony because it was Defendant's second driving-while-intoxicated conviction within ten years. See N.Y. VEH. & TRAFFIC L. § 1193. In short, Defendant's proven disregard for public safety fairly puts him among those who "have demonstrated that they may not be trusted to possess a firearm without becoming a threat to society." Small, 544 U.S. at 393, 125 S. Ct. at 1757.

This decision is in line with other courts that have addressed as-applied challenges to Section 922(g)(1). See United States v. Ligon, No. 04-CR-0185, 2010 WL 4237970, at *5,

6

(D. Nev. Oct. 20, 2010) (finding no case holding that Section 922(g)(1) was unconstitutional as applied). Further, it is no defense that Defendant's felonies are nonviolent or remote in time. In Ligon, the court rejected an as-applied challenge by a nonviolent felon. 2010 WL 4237970, at *6. Similarly, felony convictions from sixteen and seventeen years ago do not make the statute unconstitutional as applied. See United States v. Jones, 673 F. Supp. 2d 1347, 1352 (N.D. Ga. 2009) (rejecting an as-applied challenge to Section 922(g)(1) by a defendant with no history of unlawful gun use and whose underlying felony was more than fourteen years prior).

III. Defendant's Argument Is Preserved For Appeal

Defendant contends that he must be able to develop evidence to support his Heller argument at trial in order to preserve this defense for appeal. (Deft.'s Sur-Reply at 4.) This argument is meritless. Defendant's claim under Heller is preserved for appeal by virtue of this Court's denying his motion to dismiss the indictment on constitutional grounds. (See December 21, 2009 Hrg. Tr. at 3.) Defendant's reliance on United States v. Foxworth, 344 F. App'x 363 (2d Cir. 2009) is misplaced. Contrary to Defendant's suggestion, this case does not hold that as-applied challenges must be adjudicated based on facts established at trial. Rather, it simply rejects an as-applied challenge after trial. Id. at 365. Here, the Court

7

takes as true Defendant's facts and rejects his as-applied challenge before trial, so as not to lengthen the proceeding or confuse the jury with irrelevant evidence and argument.

## CONCLUSION

Based on the foregoing and for the reasons stated on the record, Defendant is precluded from arguing or introducing otherwise irrelevant evidence tending to show that Section 922(g) is unconstitutional as applied to him.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   November 30, 2010
         Central Islip, New York